# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16–CR-30115-SMY ) |
| MARIO L. GORDON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter comes before the Court on Defendant Mario L. Gordon's motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 30). The Court construes this as a motion pursuant to 18 U.S.C. § 3582(c)(1)(B). Assistant Federal Public Defender Daniel G. Cronin entered his appearance on behalf of the Defendant (Doc. 33) and subsequently filed a Motion to Withdraw as Counsel on the basis the First Step Act does not apply (Doc. 34). For the following reasons, the Motion to Reduce Sentence under the First Step Act is **DENIED** and the Motion to Withdraw as Counsel is **GRANTED**.

Section 404 of the First Step Act allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before the Fair Sentencing Act the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). The First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges

and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence pursuant to the First Step Act applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence under the First Step Act is within the discretion of the Court. First Step Act, § 404(c). In other words, the Court may, but is not required to, reduce a defendant's sentence if the Fair Sentencing Act changed the applicable statutory penalty range.

Defendant was convicted on one Count for possession of contraband by a federal inmate for a crime and was sentenced on February 23, 2017 (*see* Doc. 24). Defendant's conviction is not covered by § 404 of the First Step Act as he committed his federal offense in 2016 – well after the effective date of the Fair Sentencing Act and was not convicted of a crack cocaine offense. *See United States v. Kamber*, 2019 WL 399935, at *1 (S.D. Ill. Jan. 31, 2019) (citing First Step Act, § 404(a)). For these reasons, the First Step Act does not authorize a reduction in the Defendant's sentence.

Accordingly, the Court **DENIES** the Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B) based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 30) and **GRANTS** AFPD Daniel G. Cronin's Motion to Withdraw as Counsel (Doc. 34).

**IT IS SO ORDERED.**

**DATED: November 14, 2019**

**STACI M. YANDLE**
**United States District Judge**